

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NS:PAS
F. #2016R1314

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 7, 2020

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Hassan Chunn
                 Criminal Docket No. 16-388 (BMC)

Dear Judge Cogan:

      On April 5, 2020, counsel for defendant Hassan Chunn ("Chunn" or "the defendant") filed a letter motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) seeking a modification of his sentence to home confinement and a period of supervised release. See ECF No. 28 at 1 ("Def. Mot."). The application is based upon the defendant's fast-approaching release date and the particular risks presented by the COVID-19 virus given his medical conditions and incarceration at the Metropolitan Detention Center in Brooklyn, New York ("MDC").

I.    Background

      On November 22, 2016, Chunn pleaded guilty to a single-count Indictment, which charged him with being a felon in possession of a firearm. See PSR ¶ 1. As a result of his guilty plea, this Court sentenced Chunn to 52-months' imprisonment, with credit for time served. After serving approximately 46 months of his sentence at a correctional facility within the Bureau of Prisons ("BOP"), the BOP determined that Chunn should be placed at a Residential Reentry Center ("RRC") in Brooklyn. On September 10, 2019, Chunn was removed from the RRC, due a fight with another inmate, and transferred to the MDC, where he currently remains housed, and is scheduled to be released in 11 days, on April 18, 2020.

      On March 26, 2020, Chunn filed a request with the Warden of MDC seeking early release under 18 U.S.C. § 3624(c). See Dkt. No. 26. On April 3, 2020, this request was denied. On April 5, 2020, Chunn filed the instant motion seeking compassionate release under

18 U.S.C. § 3582(c)(1)(A) and home confinement followed by a period of supervised release. See Def. Mot., Dkt. No. 28.  The government was ordered to respond to Chunn's motion by Tuesday, April 7, 2020, and a hearing on the matter is scheduled for Wednesday, April 8, 2020 at 10:15 a.m.  See Dkt. Entry dated April 6, 2020.

Chunn is currently 46 years old.  He has a history of medical issues, including chronic heart failure after suffering a heart attack, diabetes and asthma.  PSR ¶¶ 74-76. Defense counsel also reports that Chunn has had two stents in his heart and suffers from fever induced seizures.  See Def. Mot. at 3.

II.     Discussion

Title 18, United States Code, Section 3582 states that a sentencing court "may not modify a term of imprisonment once it has been imposed" except under certain specific conditions.  Relevant here, one such exception is that

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction [. . .] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission likewise has promulgated a policy statement and accompanying application notes under U.S.S.G. § 1B1.13 addressing appropriate circumstances for a reduction in sentence pursuant to § 3582(c).[1]  As relevant here, the application notes provide a catchall condition when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. note 1(D).

---

[1]     Because the governing statute requires that a ruling concerning compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13 is binding on the Court.  See Dillon v. United States, 560 U.S. 817, 827 (2010).

2

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court has the authority to act on a request for compassionate release in only two circumstances: (1) "upon motion of the Director of the Bureau of Prisons;" or, absent that, (2) the Court may act "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement—though not yet expressly decided by the Second Circuit—may be a jurisdictional prerequisite. See, e.g., United States v. Monzon, 2020 WL 550220, at *2 (S.D.N.Y. 2020) (DLC) (noting that while the "Second Circuit has not yet answered the question of whether § 3582(c) is jurisdictional, several courts of appeals" have interpreted it thusly, and citing cases). But see United States v. Taylor, 778 F.3d 667 (7th Cir. 2015) (holding that § 3582(c) is not jurisdictional)).

Chunn's motion to the Court suggests that he has met the exhaustion requirement because he has received a denial of his request from the Warden. See Def. Mot. at 4. However, because Chunn is still able to appeal the Warden's decision internally within the BOP (which he has not done) and a lapse of 30 days has not yet occurred, he has failed to meet the administrative exhaustion requirements of § 3582(c)(1)(A). In the government's view, courts are not empowered to excuse inmates from the statute's administrative exhaustion requirements (including the 30-day period allocated to the BOP). In recent weeks, numerous defendants around the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release, and have argued that the exhaustion requirement should be excused on this basis. The only Court of Appeals to have addressed the question has rejected the argument and required exhaustion. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). In Raia, the Third Circuit recognized the serious concerns presented by COVID-19, but held that, in light of these concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." Id. at *2. The vast majority of district courts have also required exhaustion despite COVID-19 claims.[2] These decisions are consistent with the plain language of § 3582(c).

---

[2]  See United States v. Arena, No. 18 Cr. 14 (VM) (S.D.N.Y. Apr. 6, 2020) (Dkt. No. 54); United States v. Johnson, No. 14 Cr. 0441, 2020 WL 1663360, at *1 (D. Md. Apr. 3, 2020; United States v. Hernandez, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); United States v. Cohen, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); United States v. Carver, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); United States v. Clark, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Williams, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); United States v. Garza, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); United States v. Zywotko, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Gileno, No. 19 Cr. 161, 2020 WL 1307108, *3 (D. Conn. Mar. 19, 2020). But see United States v. Perez, No. 17 Cr. 513 (AT),

Notwithstanding the above, and given that the Second Circuit has not yet ruled on this issue, determinations as to whether to assert exhaustion in a particular case can be made by the government when particular motions for compassionate release under 18 U.S.C. § 3852(c)(1)(A) come before the sentencing court. The BOP has advised that it will not be able to reach a final decision on Chunn's BOP application prior to the end of his sentence because he has only 10 days left on his sentence. Given that the BOP will not be able to issue a final decision prior to the expiration of Chunn's sentence, and given the extremely unique circumstances of this particular case – which include Chunn's medical conditions and history and the fact that he has only 10 days left on his sentence – the government does not assert the 30-day administrative exhaustion requirement in this case.

The government leaves to the Court the determination as to whether Chunn satisfies the other requirements for compassionate release under § 3582(c)(1)(A).

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/ Phil Selden
Phil Selden
Assistant U.S. Attorney
(718) 254-6257

cc: Clerk of the Court (BMC) (via ECF)
Kenneth Montgomery, Esq. (via ECF and e-mail)

---

2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020); United States v. Colvin, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020). Both Perez and Colvin relied on Washington v. Barr, 925 F.3d 109 (2d Cir. 2019), which is inapposite because it involves judge-made exhaustion doctrine.